NOTICE
Decision filed 11/20/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 200367-U

NO. 5-20-0367

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Bond County. |
| | ) | |
| v. | ) | No. 17-CF-101 |
| | ) | |
| LOUIS REED, | ) | Honorable |
| | ) | Ronald R. Slemer, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Cates and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: The order of the circuit court of Bond County denying the defendant's motion to withdraw his admission to his probation violation is reversed because the court failed to conduct a *Krankel* hearing regarding the defendant's *pro se* claims of ineffective assistance of counsel.

¶ 2    The defendant, Louis Reed, appeals the denial of his motion to withdraw his admission in his probation revocation. He argues that the trial court erred in failing to conduct a *Krankel* hearing (see *People v. Krankel*, 102 Ill. 2d 181 (1984)) to address his *pro se* claims of ineffective assistance of counsel. For the following reasons, we reverse and remand the cause for a *Krankel* hearing.

1

¶ 3                                  I. BACKGROUND

¶ 4     On September 13, 2018, the defendant pled guilty to one count of methamphetamine possession (count I) and one count of unlawful possession of a controlled substance (count II) in Bond County.  He was sentenced to a 30-month period of probation.  His probation was subsequently transferred to Madison County.

¶ 5     On January 14, 2019, the State filed a petition to revoke the defendant's probation for failing to report as directed to the Madison County Probation Office on three occasions, for testing positive for methamphetamine, and for failing to provide proof of obtaining an alcohol and substance abuse evaluation.  An arrest warrant was issued, and the defendant appeared before the trial court on January 25, 2019.

¶ 6     On February 20, 2019, a hearing was held, and the defendant admitted to violating his probation where he tested positive for methamphetamine and for failing to appear but denied the third allegation as he had obtained a drug/alcohol screening.  On May 10, 2019, a sentencing hearing was held.  Judy Steele represented the defendant during the sentencing hearing.  Barbara Wheat, an officer with the Sorento Police Department, testified that she was personally familiar with the defendant and had a lot of dealings with him in the past.  She had made contact with him at numerous "drug houses" in Sorento.  She had also seen him with known addicts.  She noted that she thought the defendant "had potential" but that he "chose the wrong routes" and that he "destroyed a lot of lives."

¶ 7     Wheat recalled doing a probation check on another individual who denied having anyone at her residence, but when Wheat went inside, she found the defendant.  Both the defendant and this individual had probation conditions to have no contact with other

2

convicted felons. Wheat testified that the defendant was sitting on a futon next to torches, an alcohol bag, and a scale that tested positive for methamphetamine. This incident occurred a couple of days before the original date of the defendant's sentencing. Wheat also had interactions with the defendant in the months leading up to his sentencing. Based on her investigation, the defendant was bringing "very dangerous people" to Sorento. Following argument, a victim impact statement, and the defendant's allocution, the defendant was sentenced to 84 months' imprisonment on count I and 72 months' imprisonment on count II to be served concurrently.

¶ 8    On May 13, 2019, the trial court received correspondence from the defendant that the court took as a *pro se* motion to withdraw his guilty plea. The defendant asked in his motion that new counsel be appointed to him as his current counsel was ineffective. Judy Steele was removed as counsel, and John Abell was appointed. The defendant also filed a *pro se* motion for reduction of sentence, a *pro se* motion to withdraw guilty plea, a *pro se* motion for change of venue, and a *pro se* motion for postconviction relief. The court denied the motion for postconviction relief as untimely and denied the motion for reduction of sentence. As of November 15, 2019, the motion to withdraw his guilty plea was outstanding.

¶ 9    On February 19, 2020, attorney Abell was allowed to withdraw as counsel, and Joshua Reeves was appointed as counsel for the defendant. On August 19, 2020, a hearing was held, and the trial court took the matter under advisement.

¶ 10    On October 7, 2020, the trial court entered a written order denying the defendant's motion to withdraw his admission to the violation of probation. The court noted that, at

3

the February 20, 2019, admission by the defendant to the probation violation, he did so knowingly and voluntarily. During his admission, the defendant was advised of his rights, he exercised his right to allocution at the sentencing, and he did not protest that he did not know what was going on. The court therefore denied the motion. The defendant appeals.

¶ 11                                    II. ANALYSIS

¶ 12    The defendant raises three issues on appeal. First, the defendant argues that the trial court erred in summarily dismissing his postconviction petition at the first stage where the petition was timely and made unrebutted, arguable claims that his counsel provided ineffective assistance. Second, that the court erred in dismissing his motion to reconsider his sentence. Lastly, that the court failed to conduct a preliminary *Krankel* hearing on his *pro se* claims of ineffective assistance of counsel. At the outset, we note that the parties agree that this court lacks jurisdiction over the first two issues raised in the appellant's brief as the appeal was filed more than 30 days after the dismissal of his postconviction petition. Therefore, we will only address the appellant's third argument regarding whether the court failed to conduct a preliminary *Krankel* hearing, and further, if its failure was harmless error.

¶ 13    We review *de novo* whether a trial court properly conducted a preliminary *Krankel* inquiry. *People v. Roddis*, 2020 IL 124352, ¶ 33. Generally, a *Krankel* inquiry occurs in two stages. *People v. Reed*, 2018 IL App (1st) 160609, ¶ 49. First, the trial court examines the factual basis of defendant's claim of ineffective assistance of counsel. *Id*. Next, if defendant's claim shows possible neglect on behalf of trial counsel, new counsel is

4

appointed to represent defendant in an adversarial hearing on the ineffective assistance claim. *Id.*

¶ 14 In *People v. Moore*, 207 Ill. 2d 68, 78 (2003), our supreme court stated that "[t]he operative concern for the reviewing court is whether the trial court conducted an adequate inquiry into the defendant's *pro se* allegations of ineffective assistance of counsel." The court iterated that, in so evaluating defendant's claim, the court can question trial counsel, have a discussion with the defendant, or "base its evaluation of the defendant's *pro se* allegations of ineffective assistance on its knowledge of defense counsel's performance at trial and the insufficiency of the defendant's allegations on their face." *Id.* at 78-79.

¶ 15 Here, the State claims that the trial court conducted a sufficient *Krankel* inquiry or, in the alternative, because new counsel was appointed to the defendant, any error by the trial court in not conducting a *Krankel* hearing into the defendant's *pro se* ineffective assistance claim was harmless. However, we disagree with these assertions.

¶ 16 There is no indication in the record that the trial court addressed the defendant's claims of ineffective assistance of counsel as required by *Krankel*. The court noted that it received the defendant's correspondence; however, there is no indication that the court inquired into the ineffective assistance of counsel claim. The court did not question previous counsel or the defendant regarding the claim. The State asserts that the third means listed in *Moore* indicates that the court relied on its own knowledge of the proceedings; however, this is not indicated in the record. The court failed to ever reference or comment on the defendant's claims of ineffective assistance of counsel.

5

¶ 17 Therefore, we reverse the trial court's dismissal of the defendant's motion to withdraw his guilty plea and remand for a *Krankel* hearing on the defendant's claims of ineffective assistance of counsel.

¶ 18 III. CONCLUSION

¶ 19 The order of Bond County is hereby reversed and remanded for further proceedings consistent with this order.

¶ 20 Reversed and remanded.